```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

KENT WEISENBERG and INSPAR        §
FIELD SERVICES, LLC,              §
                                  §
          Plaintiffs,             §
                                  §
v.                                §   CIVIL ACTION NO. H-10-5086
                                  §
PLANET RESOURCES RECOVERY,        §
INC. and KURT NEUBAUER,           §
                                  §
          Defendants.             §
                                  §
```

## ORDER ON RECONSIDERATION

On May 24, 2011, the court entered a Memorandum and Recommendation recommending that Plaintiffs' motion for injunctive relief be granted. On May 31, 2011, the parties attended mediation and agreed to resolve the lawsuit. One term of the agreement was that the parties would jointly request that the court withdraw its Memorandum and Recommendation.

On August 3, 2011, the parties filed an agreed motion to vacate the Memorandum and Recommendation and it was denied that same day. Presently pending before the court is the Joint Motion to Reconsider Joint Motion to Withdraw Recommendation (Doc. 65). In the motion, the parties inform the court that a central term of their agreement presupposed that the Memorandum and Recommendation would be withdrawn. Reading between the lines, it appears that a settlement cannot be effectuated unless the court withdraws from the public record its Memorandum and Recommendation.

Regretfully, the court cannot agree to these terms. As the

Supreme Court reasoned, "'Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.'" U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 26 (1994)(quoting Izumi Seimitsu Kogyo Kabushiki v. U.S. Philips Corp., 510 U.S. 27, 40 (1993)(Stevens, J., dissenting)).

Here, the parties do not argue that the public interest requires the court to vacate its decision. If the parties had desired to avoid disclosure of financial matters in the public arena or to avoid unfavorable decisions, they could have settled their dispute before the court issued its opinion. As the Seventh Circuit stated:

> When a clash between genuine adversaries produces a precedent, however, the judicial system ought not allow the social value of that precedent, created at a cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property.

The court is mindful of the public benefits that flow from settlements and that it ordered the parties to mediate this action. However, when the parties do not settle before airing their disputes in a public hearing seeking affirmative relief, they take a calculated risk of bearing the consequences of an unfavorable decision.

Accordingly, the Joint Motion to Reconsider is **DENIED** (Doc. 65).

**SIGNED** this 16th day of August, 2011.

                                              Nancy K. Johnson
                                        United States Magistrate Judge